UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JUAN CARLOS MARTINEZ ROSENDO,
*individually and on behalf of others similarly situated,*

Index No. 20-cv-4656

*Plaintiff*,

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

-against-

JOHN DOE CORP. (D/B/A JIREH TIRE) and
GERSHOM LORDSON,

*Defendants.*
-------------------------------------------------------X

PROPOSED FINDINGS OF FACT

1. The Plaintiff commenced this action by filing the Complaint (and associated documents) on June 17, 2020. (*See* ECF Doc. No. 1)

2. This is an action for unpaid wages, overtime, spread of hours pay, liquidated damages, interest, costs and attorneys fees under the Fair Labor Standards Act (29 U.S.C. 201 *et seq.*, "the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations.

3. At all relevant times, Defendants owned, operated, or controlled a tire shop under the name "Jireh Tire."

4. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

5. In each year from 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

6. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

Substantive Facts

*Plaintiff Juan Carlos Martinez Rosendo*

7. Plaintiff was employed by Defendants from approximately April 2016 until on or about January 28, 2020.

8. Defendants employed Plaintiff as a tire worker and cashier.

9. Plaintiff regularly handled goods in interstate commerce.

10. Plaintiff's work duties required neither discretion nor independent judgment.

11. Throughout his employment with Defendants, Plaintiff regularly worked in excess of 40 hours per week.

12. From approximately April 2016 until on or about December 14, 2019, Plaintiff Martinez worked from approximately 10:00 p.m. until on or about 10:00 a.m. to 10:20 a.m., 5 days a week (typically 60 to 61.67 hours per week).

13. From approximately January 11, 2020 until on or about January 28, 2020, Plaintiff Martinez worked from approximately 10:00 a.m. until on or about 10:00 p.m. or 10:20 p.m., 5 days per week (typically 60 to 61.67 hours per week).

14. Throughout his employment, Defendants paid Plaintiff Martinez his wages in cash.

15. From approximately April 2016 until on or about January 2017, Defendants paid Plaintiff Martinez a fixed salary of $580 per week.

16. From approximately January 2017 until on or about January 28, 2020, Defendants paid Plaintiff Martinez a fixed salary of $600 per week.

17. Plaintiff Martinez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

18. For example, Defendants required Plaintiff Martinez to work an additional 20 minutes past his scheduled departure time regularly, and did not pay him for the additional time he worked.

19. Defendants never granted Plaintiff Martinez any breaks or meal periods of any kind.

20. Plaintiff Martinez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

21. Defendants took improper and illegal deductions from Plaintiff Martinez's wages; specifically, Defendants deducted approximately $300 from Plaintiff Martinez's wages for repairs that customers did not pay for.

22. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

23. Defendants did not provide Plaintiff Martinez an accurate statement of wages, as required by NYLL 195(3).

24. Defendants did not give any notice to Plaintiff Martinez of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## CONCLUSIONS OF LAW

Plaintiff's Damages Calculation

25. With respect to damages, the record supports an award to Plaintiff of back pay under the FLSA and applicable New York law; mandatory liquidated damages under the FLSA and New York Labor Law; and costs and attorneys' fees under the FLSA and New York Law.

Minimum and Overtime Wage Back Pay

26. At all times relevant to the FLSA claims in this action, minimum wage rate under the FLSA was $7.25 per hour. 29 U.S.C. §206(a)(1). Employees must be paid one-and-one-half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1).

27. The applicable New York minimum wage rate was $7.25 per hour until December 31, 2013 when it became $8.00 per hour; it further increased to $8.75 per hour as of December 31, 2014; it further increased to $9.00 per hour as of December 31, 2015; it further increased to $10.50 per hour on December 31, 2016 (for employers with fewer than ten employees in New York City); it further increased to $12.00 per hour on December 31, 2017 (for employers with fewer than ten employees in New York City); it further increased to $13.50 per hour on December 31, 2018 for employers with fewer than ten employees in New York City; and it further increased to $15.00 per hour on December31, 2019 (for employers with fewer than ten employees in New York City). 12 N.Y.C.R.R. § 146-1.4[1].

28. Here, Plaintiff was not paid at the minimum wage rate for the work performed. Additionally, Plaintiff was paid at a fixed salary rate for the work performed. For all work, plaintiff was not paid at the overtime rate for hours worked per week above 40.

---

1 Plaintiff's counsel, without waiving Plaintiff's FLSA rights, calculates damages under the New York Labor Law because it is more advantageous.

29. Where an employee receives a straight weekly salary, there is a rebuttable presumption under the FLSA that the salary covers 40 hours worked. Therefore, to determine the regular rate, the weekly salary is divided by 40 hours. *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

30. Accordingly, for any periods of employment when Plaintiff was paid a fixed salary, the regular rate is determined by dividing weekly salary by 40 hours. The regular rate is multiplied by 1.5 to determine the overtime rate that should have been received.

31. Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness. N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. See Godlewska v. Human Dev. Assoc., Inc., 2006 U.S. Dist. LEXIS 30519 at *12 (E.D.N.Y. May 18, 2006). Therefore, back pay under the New York Labor Law should be calculated from the start of Plaintiff's employment, which was less than six years from the filing date.

32. Additionally, under the New York Labor Law, Plaintiff is entitled to recover liquidated damages in the amount of 100% of the unpaid minimum wage and overtime wages.

33. Plaintiff also seeks an award of prejudgment interest on the New York law claims for unpaid overtime wages. Under New York law, the court may award prejudgment interest pursuant to N.Y. C.P.L.R. § 5001 on an award of back pay. *See Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 485-86 (S.D.N.Y. 2001); *McIntyre v. Manhattan Ford, Lincoln-*

*Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997).  This is because under New York law, prejudgment interest compensates the plaintiff for the defendant's interest-free use of the Plaintiff's money.  *See Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998); *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994); *Reilly v. Natwest Mkts. Group,* 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000). In addition, under New York law, prejudgment interest can be awarded in addition to liquidated damages.  This is so because under New York law liquidated damages are considered a penalty, serving a different purpose as a sanction for willfully failing to pay wages.  *Carter v. Frito-Lay, Inc.*, 425 N.Y.S. 2d 115, 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981).

34. Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9 %) per annum simple interest. *See Perero v. Food Jungle, Inc.*, No. 05 Civ 4347, 2006 WL 2708055, at *8 (E.D.N.Y. Aug. 7, 2006).  As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date."  N.Y. C.P.L.R. § 5001(b).  When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date.  See *Perero*, 2006 WL 2708055, at *8; *Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 597 (E.D.N.Y. ), *aff'd in pertinent part and vacated in part*, 160 Fed.Appx. 91 (2d Cir. 2005).  Thus, prejudgment interest on Plaintiff's back pay awards should be computed from the median of each relevant period to the date of judgment.

35. Further, Plaintiff is entitled to recover for violations of NYLL §§ 195(1) as per NYLL §§ 198.

6

36. Additionally, Plaintiff is entitled to recover for violations of NYLL §§ 195(3) as per NYLL §§ 198.

37. Moreover, The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

38. Plaintiff incurred costs and attorneys' fees in pursuing this action, and seeks an award of reasonable attorneys' fees and costs.

<u>Spread of Hours Pay</u>

39. Plaintiff is also entitled to spread of hours pay under the New York spread-of-hours regulation, which requires employers to pay workers for an additional hour of overtime-rate pay beyond their regular pay when the workday is more than ten (10) hours. 12 N.Y.C.R.R. § 146-1.6; *Angamarca v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012).

<u>Three Year Statute of Limitation Under the FLSA</u>

40. Plaintiff is entitled to a three-year limitations period under the FLSA, as the uncontradicted evidence in the record supports a finding of willfulness and lack of good faith. Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years. 29 U.S.C. § 255(a). Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the

7

employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005)(willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements."). Courts often also find that a defendant's failure to participate in the proceedings is to be taken as additional support for a finding of willfulness within the meaning of FLSA. *See Santillan v. Henao*, 822 F. Supp.2d 284, 297 (E.D.N.Y. 2011) ("Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness."); *Blue v. Finest Guard Servs. Inc.*, 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010) ("Since the corporate defendant has failed to appear in court for this case, and a default judgment has [been] entered against it, its failure to pay plaintiffs' minimum wages is deemed to be willful.").

<u>Liquidated Damages</u>

41. Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

42. The NYLL provides for a liquidated damages award "'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" *McLean v. Garage Management Corp.*, 2012 U.S. Dist. LEXIS 55425 at *21 (S.D.N.Y. April 19, 2012) (quoting NYLL §198(1-a)). This is the same as the FLSA's good-faith standard for liquidated damages.

43. "Prior to November 24, 2009, plaintiffs were entitled to recover liquidated damages under the NYLL equal to 25% of unpaid wages if plaintiffs could prove that employers' NYLL violations were 'willful.'" *McLean* 2012 U.S. Dist. LEXIS 55425 at *21). The pre-amendment willfulness standard is the same as the FLSA's willfulness standard. *Id.* ("the NYLL willfulness' standard under the pre-amendment provision 'does not appreciably differ from the FLSA's willfulness standard'") (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011)).

44. Until April 9, 2011, liquidated damages under New York law were 25% of the unpaid wages. Since April 9, 2011, they are 100% of the underpayments. N.Y. Lab. Law §663(1); *see also Pinovi v. FDD Enters.*, 13-cv-2800 (GBD), 2015 U.S. Dist. LEXIS 89154, *15 (S.D.N.Y. July 8, 2015)

45. Given the uncontroverted evidence of Defendants' lack of good faith and willfulness, Plaintiff is entitled by statute to liquidated damages under the New York Labor Law.

<u>Wage Notice and Wage Statement</u>

46. New York law required an employer to provide an employee with written notice of his wages at the time of hiring, and to provide a wage statement together with each payment of wages. NYLL §§195(1), (3). The NYLL imposes statutory damages of $50 per day for

9

failure to provide the wage notice, up to a maximum of $5,000, and $250 per day up to a $5,000 maximum penalty for failure to provide wage statements. NYLL §§198(1-b), (1-d).

Prejudgment and Post-judgment Interest

47. Plaintiff is entitled to prejudgment interest on their unpaid spread of hours damages. *See* N.Y. C.P.L.R. §5001; *Angamarca*, 2012 U.S. Dist. LEXIS 108322, at *33-34 (plaintiff may recover prejudgment interest for spread of hours pay).

48. Plaintiff is also entitled to prejudgment interest on their minimum and overtime wage claims under the NYLL. NYLL §198(1-a); C.P.L.R. §5001; *Angamarca*, 2012 U.S. Dist. LEXIS 108322, at *33-34. Plaintiffs maintain that they are entitled to federal liquidated damages for the period worked for Defendants covered by the FLSA (i.e. since December 31, 2011 through the end of his employment), and acknowledge that they cannot recover NYLL prejudgment interest on unpaid wages for the period that they are receiving federal liquidated damages. *Angamarca*, 2012 U.S. Dist. LEXIS 108322, at *33-34. If the Court finds that Plaintiff is not entitled to federal liquidated damages, or finds that the Defendants' violation was not willful and therefore a two-year statute of limitations applies to the FLSA claims, Plaintiff should receive prejudgment interest under the NYLL for any time period for which they do not receive federal liquidated damages.

49. Prejudgment interest should be calculated at the rate of 9% per year, by multiplying the principal by the interest rate of 9% for a single midpoint date up until the date judgment is entered. *Id.*, 2012 U.S. Dist. LEXIS 108322, at *34.

50. Plaintiff also should be awarded federal post-judgment interest. 28 U.S.C.§1961.

Attorneys' Fees and Costs

51.     The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court"). Plaintiff incurred costs and attorneys' fees in pursuing this action, and seeks an award of reasonable attorney's fees and costs.

Conclusion

52.     Based on the above information, Plaintiff Juan Carlos Martinez Rosendo should be awarded the following damages against defaulting defendants:

| Damages Category | Amount |
| --- | --- |
| Minimum and Overtime Wages | $90,620.40 |
| Liquidated Damages on Minimum and Overtime Wages | $90,620.40 |
| Pre-Judgment Interest on Minimum Wage and Overtime dating from April 1, 2016 | $24,974.34 |
| Unpaid Spread of Hours (SOH) Pay | $11,130.00 |
| Liquidated Damages on unpaid SOH | $11,130.00 |
| Pre-Judgment Interest on Spread of Hours Pay dating from April 1, 2016 | $2,926.06 |
| Wage Notice | $5,000.00 |
| Wage Statements | $5,000.00 |
| Unlawful Deductions | $300.00 |
| Attorney Fees | $5,441.50 |
| Attorney Costs | $516.00 |
| **Total** | $247,658.70 |

53. As shown herein, no live testimony is necessary when, as in the present case, the Court has before it the proper measure of damages and evidence submitted by Plaintiff that allows damages to be calculated with reasonable certainty. The computation of damages in accordance with the methods described above is set forth in the accompanying spreadsheets.

54. Plaintiff also requests pre-judgment interest on unpaid minimum and overtime wages from March 12, 2021 until the time of judgment in an amount to be determined at the time of judgment.

55. Plaintiff also requests interest on the principal amount of the judgment at the federal post-judgment interest rate, pursuant to 28 U.S.C. §1961.

56. Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment under the NYLL shall automatically increase by fifteen percent, as required by NYLL § 198(4).

Dated: New York, New York
       March 12, 2021

                                        /s/ *Clela Errington*
                                        Clela A. Errington, Esq.
                                        Michael Faillace & Associates, P.C.
                                        60 East 42nd Street, Suite 2540
                                        New York, NY 10165
                                        (T) (212) 317-1200
                                        (F) (212) 317-1620
                                        *Attorney for Plaintiff*